DA 13-0036

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 295N

TIMOTHY GEISZLER,

       Plaintiff and Appellee,

  v.

KYEANN SAYER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-10-1586
                  Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Kyeann Sayer (Self-Represented); Missoula, Montana

       For Appellee:

            David J. Steele, II; Geiszler & Froines, PC; Missoula, Montana

                         Submitted on Briefs:  September 18, 2013
                                      Decided:  October 8, 2013

Filed:

                                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Timothy Geiszler filed a Complaint in the Fourth Judicial District Court, Cause No. DV-10-1586, against Kyeann Sayer on November 24, 2010, alleging she had defamed and libeled him in a website Sayer created, published, and maintained. He sought the permanent removal of the defamatory publications and a permanent injunction against the publication by Sayer of other defamatory statements.

¶3 As litigation proceeded, the District Court issued multiple interlocutory orders, including an order dated June 25, 2012, granting Geiszler's motion for an injunction. On June 28, 2012, Sayer filed a Notice of Appeal appealing the court's June 25 order. The Montana Supreme Court assigned Cause Number DA 12-0397 to Sayer's appeal. However, at the time Sayer filed the appeal, the District Court had not yet issued a final order in DV-10-1586. This was done on July 26, 2012. Also on July 26, 2012, the District Court ordered Sayer to post a supercedeas bond in the amount of $50,000 pending her appeal. On September 5, 2012, the District Court entered an amended judgment against Sayer in the amount of $16,087.30.

¶4 Sayer failed to file the bond in accordance with the District Court's order; therefore, on September 11, 2012, we ordered her to do so within 20 days and to file an

amended notice of appeal within 30 days of the notice of entry of judgment in the District Court. Rather than comply, Sayer challenged our Order. We issued a subsequent Order on October 9, 2012, with which Sayer also failed to comply. Consequently, on December 4, 2012, we dismissed Sayer's appeal with prejudice on the grounds that she had appealed without substantial or reasonable grounds and refused to obey this Court's orders. We further ordered that Geiszler was entitled to sanctions in the form of his attorney fees and costs incurred in responding to Sayer's appeal. We remanded the matter to the District Court for a determination of the appropriate amount of attorney fees and costs to be assessed against Sayer.

¶5      Upon receipt of the case on remand, Geiszler moved for an amended judgment in the amount of $27,361.70 which included interest on the original judgment and his fees and costs on appeal. In accordance with our order of December 4, Geiszler moved for a reasonableness hearing on these requested fees and costs. On December 17, the District Court ordered that the reasonableness hearing would be conducted on December 24, 2012. Sayer objected to Geiszler's motion for an amended judgment, to the amount of fees and costs he claimed, and to the court's scheduling of the reasonableness hearing.

¶6      On the morning of December 24, the clerk of the District Court notified the parties by telephone that the hearing scheduled for that day was continued until December 26 because the judge was ill. On December 26, Sayer filed another challenge to the reasonableness hearing, acknowledging receipt of the clerk's phone message continuing the hearing to December 26. She also claimed that the scheduled hearings on December 24 and December 26 were "unnoticed" hearings in violation of her due process rights and

3

the court's procedural rules. Sayer did not attend the December 26 hearing. At that hearing, the District Court notified Geiszler, who was in attendance, that the hearing was continued to December 31 due to the late notice to both parties. The court issued a Minute Entry that was mailed to both parties notifying them of the new hearing date and time.

¶7 Once again, on the morning of December 31, Sayer filed a notice to the court that she would not attend the December 31 hearing, again asserting that the hearing was not properly "noticed." The District Court conducted the hearing and approved the submitted fees and costs Geiszler claimed to have incurred as a result of Sayer's appeal to this Court. On January 8, 2013, the District Court issued an Order and Amended Judgment, awarding Geiszler a total of $30,041.27 which included the original September 5, 2012 judgment of $16,087.30, $515.97 in accrued interest on that judgment, and $13,438 in appellate attorney fees.

¶8 Sayer filed her Notice of Appeal from the January 8 Order and Amended Judgment on January 14, 2013. This Court assigned Montana Supreme Court Cause Number DA 13-0036 to this new appeal. Sayer attempts to raise multiple issues on appeal; however, we issued an order on July 10, 2013, striking most of these issues as they had been previously raised but dismissed with prejudice in Sayer's earlier appeal under Cause No. DA 12-0397. As a result, the only issue properly before us on appeal is whether the District Court failed to provide Sayer with notice of the December 31, 2012 reasonableness hearing.

¶9 Sayer does not dispute that she received actual notice of the December 31 hearing and that she refused to appear. In her notice to the District Court, she cited no circumstances beyond her control that prevented her attendance; rather, she again chastised the District Court for its alleged failure to notice the hearing in accordance with M. R. Civ. P. 6(c)(1) (Rule 6). In *State v. Bekemans*, 2013 MT 11, 368 Mont. 235, 293 P.3d 843, we held that a defendant who voluntarily fails to appear at a hearing waives her right to be personally present at all critical stages of her trial. We explained that an absence is voluntary "if the defendant knew of the hearing and failed to appear due to circumstances that were within her control." *Bekemans*, ¶ 25. On November 5, 2010, the district court issued notice of Bekemans' show-cause hearing to be held on November 9. *Bekemans*, ¶ 15. It was undisputed that Bekemans received actual notice of the hearing but failed to appear. *Bekemans*, ¶ 26. Bekemans claimed she missed the hearing because she did not have enough time to make arrangements to take time off from work. *Bekemans*, ¶ 26. We stated, "[w]hile attending the court proceeding may have been inconvenient, such an excuse is insufficient to make her absence involuntary." *Bekemans*, ¶ 26.

¶10 Sayer makes no excuses for her failure to attend; she simply argues that the District Court failed to give her two weeks notice of the hearing in accordance with Rule 6. However, Rule 6(c)(1)(C) provides for an exception to the 14-day standard notice:

> ***In General.*** A written motion and notice of the hearing must be served at least 14 days before the time specified for any hearing, with the following exceptions:
>
> .   .   .

5

> (C)      when a court order -- which a party may, for good cause, apply for ex parte -- sets a different time.

In the case before us, as in *Bekemans*, the District Court set a "different time" as provided in Rule 6(c)(1)(C). Sayer having received notice, her refusal to attend the hearing was voluntary and thus is unexcused.

¶11      We note that Geiszler moved this Court for an order of sanctions in the amount of $5,000 against Sayer in an effort to "avoid continued protracted litigation." We deny Geiszler's sanction request at this time but will re-consider sanctions against Sayer if these or related arguments are resurrected again.

¶12      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted.

¶13      We therefore affirm the District Court.


/S/ PATRICIA COTTER


We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS